UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 3:07-CR-113 |
| v. | ) | (JORDAN/GUYTON) |
| | ) | |
| EMORY SAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to this Court pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court, as may be appropriate. On September 23, 2008, United States Probation Officer Scott Smith submitted a Petition for Action on Conditions of Pretrial Release [Doc. 139] to Magistrate Judge H. Bruce Guyton. Based on the Petition, the Court entered a warrant for the Defendant's arrest so that he would be brought before the Court to answer the allegations of pretrial release violations contained in the Petition.

On November 6, 2008, a revocation and detention hearing was held before Magistrate Judge C. Clifford Shirley, Jr., sitting for Magistrate Judge H. Bruce Guyton, to address the Defendant's alleged violation of his pretrial release. Assistant United States Attorney Hugh Ward was present representing the Government. Attorney Dennis Francis was present representing the Defendant, who was also present.

The Government's first witness at the hearing was United States Probation Officer John Lynn ("Officer Lynn"). Officer Lynn explained that the Defendant was initially charged with conspiracy to distribute cocaine hydrochloride, crack cocaine, marijuana, and Oxycontin. Officer

Lynn stated that the Defendant had a criminal history which included a prior felony conviction for the sale of cocaine. Officer Lynn also reviewed the conditions of the Defendant's release which included that he report regularly to his officer, maintain or actively seek employment, not use alcohol or narcotics, not possess a firearm, submit to drug testing as required by his probation officer, report any contact with law enforcement to his probation officer, and not violate any federal, state, or local laws.

Officer Lynn then described the events underlying the Petition for Action. He explained that on September 17, 2008, the Defendant was charged with counterfeiting and criminal simulation. Officer Lynn reviewed the incident report, which was accepted into evidence. The report stated that the Defendant was pulled over because he was driving erratically, as though he were drunk. Although the Defendant's eyes were glazed over and red, he passed the field sobriety tests that the officer administered. However, when the Defendant removed his hat to perform the sobriety tests, several counterfeit bills underneath the hat were revealed. The officer also observed a Sony CD player in the car, which matched the description of one that had been stolen recently in the area.

After the officer noticed the CD player and the first counterfeit bills, the Defendant consented to a search, and the officer found a counterfeit $100 bill in the Defendant's automobile and seven counterfeit $100 bills along with the original bill in the Defendant's wallet. The officer also discovered eighteen sheets of counterfeit bills in the automobile. Officer Lynn verified that the report contained the Defendant's name, date of birth, address, social security number, and driver's license number.

Officer Lynn stated that he had discussed the traffic stop and counterfeiting allegations with Deputy Paul Harmon of the Campbell County Sheriff's Department. Deputy Harmon had received

a tip that Eric Summers ("Summers") and the Defendant were making counterfeit money from Paul Summers's mother. Summers's mother stated that the two were making the money in her home. Deputy Harmon learned that the Defendant supplied the printing materials for the counterfeit bills and Summers made the counterfeit bills. Officer Lynn confirmed the Defendant was being prosecuted in Campbell County for counterfeiting and criminal simulation based upon the evidence found during the traffic stop. He also confirmed that the Defendant never reported this encounter with law enforcement to the United States Probation Office.

Officer Lynn was then asked whether the Defendant had missed any drug tests while he was on pretrial release. Officer Lynn stated that the Defendant was scheduled for a drug test on October 30, 2008, but the Defendant cancelled the test because he was in Scott County and would not be able to make it to the facility to complete the test. Officer Lynn said that the Defendant did not mention the arrest when he called to cancel, and he came in to make up the test on November 4, 2008, at which time he was taken into custody for the alleged violations of his pretrial release. Officer Lynn confirmed that when asked about the traffic stop and alleged criminal violations after he was taken into custody, the Defendant acknowledged the encounter.

On cross-examination, Officer Lynn testified that the Defendant's prior felony conviction was seventeen years old. Officer Lynn stated that the Defendant had failed to appear on two occasions during his pretrial release, but these had only been a matter of a couple of days. Officer Lynn also admitted that during his pretrial release the Defendant had not tested positive for any drugs for which he did not have a prescription. Officer Lynn stated that the Defendant had not been uncooperative and acknowledged that it was possible that the Defendant did not mention the traffic stop because the arrest warrant had not been served on him. Officer Lynn testified that he had not

3

discussed the possibility of electronic monitoring with the Defendant since such monitoring was not an option because of the Defendant's criminal history. When asked about the Defendant's clarity of thought, Officer Lynn stated that he had not noticed that much change, but Officer Lynn noted that when he saw the Defendant in confinement he noticed that the Defendant appeared to be under the influence of prescribed narcotics.

At the conclusion of the testimony, Attorney Francis made an oral motion that the Court order a neuropsychology examination of the Defendant. The Government stated that it would not oppose a court ordered evaluation. Since no real basis was stated nor facts proffered, the Court instructed Attorney Francis to file the appropriate motion requesting a competency evaluation under 18 U.S.C. § 4241, including such information, basis and facts, and the Court will thereafter consider such motion.

Based on the foregoing testimony, the Court finds that there is **PROBABLE CAUSE** to believe that the Defendant violated the conditions of his pretrial release by committing a federal, state, or local crime while on release. See 18 U.S.C. § 3148(b)(1)(A). Further, the Court finds that there is clear and convincing evidence that the Defendant has violated the condition of his release which requires that he report encounters with law enforcement to his probation officer. See 18 U.S.C. § 3148(b)(2)(B). The Court also finds that the Defendant is unlikely to abide by any condition or combination of conditions of release, and therefore, it is appropriate to enter an order revoking his pretrial release. See 18 U.S.C. § 3148(b)(2)(A). Accordingly, the Defendant's pretrial release is **REVOKED** and the Defendant is **ORDERED DETAINED** pending trial.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from

4

persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshals for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED**.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge